UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WAYNE J. ROBERTS,

      Plaintiff,

    v.                                      3:05-CV-53 (NPM)

JO ANNE BARNHART,
Commissioner of Social
Security Administration,

      Defendant.

---

APPEARANCES                                     OF COUNSEL

OFFICE of JONATHAN P. FOSTER     JONATHAN P. FOSTER, ESQ.
Attorney for Plaintiff
407 South Main Street
Athens, PA 18810

OFFICE of the UNITED STATES ATTORNEY   WILLIAM H. PEASE, ESQ.
Attorney for the Defendant
100 South Clinton Street
Syracuse, NY 13261-7198

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

      Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (the "Act"), codified at 42 U.S.C. §§ 405(g), seeking review of the final decision of the defendant Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for disability insurance benefits

("DIB") and supplemental security income ("SSI") benefits under the Act. For the reasons stated below, the Commissioner's decision is reversed and the matter is remanded for a new hearing.

**I.     BACKGROUND**

    **A.     Procedural History, Facts and Contentions**

Plaintiff filed concurrent applications for DIB and SSI on August 25, 2003. The applications were denied initially and a request for a hearing was timely filed. The hearing was held before an Administrative Law Judge ("ALJ") on August 4, 2004. In his decision rendered on August 26, 2004, the ALJ found that the plaintiff is not disabled within the meaning of the Act. (R.[1] at 14; Complaint at 2). Plaintiff filed a timely appeal with the Social Security Administration's Appeals Council ("Appeals Council"). On November 19, 2004, the Appeals Council denied the plaintiff's request for review, leaving the ALJ's opinion as the final decision of the Commissioner. Plaintiff asserts that he has exhausted all his administrative remedies, and brings this action pursuant to 42 U.S.C. § 405(g).

The court adopts the undisputed facts set forth in the plaintiff's brief. Plaintiff asserts in his complaint that he has been continuously disabled within the meaning of Title II and Title XVI of the Social Security Act since February 24,

---

[1]     Unless otherwise noted, references ("R. at __") are to the administrative record.

2003, and that he is unable to engage in substantial gainful activity due to L 2-3 excision, congenital spinal stenosis at L 1-4, bulging disc, impairments affecting his back, hypertension, and depression. (Complaint at 12). Plaintiff states that his medical condition has not improved since February 24, 2003. (Id. at 14(c)). Plaintiff also asserts that he enjoyed his job and the fact that he can't work due to his illness has taken a toll on him and his family. (R. at 81). Plaintiff contends that the ALJ's decision should be reversed and/or remanded because the ALJ (1) failed to give special significance to the treating source opinions of Dr. Lon Ovedovitz and Dr. Saeed Bajwa; (2) erroneously considered the plaintiff's continued smoking as failure to comply with physician's instructions; and (3) failed to properly address the plaintiff's work history.

**II.   DISCUSSION**

    **A. Standard of review**

This court does not review a final decision of the Commissioner de novo, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citations omitted). See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)). "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-45 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)). When reviewing a determination by the Commissioner, a district court, in its discretion, "shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

An individual is considered disabled for purposes of his or her eligibility for Social Security Disability if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

The Commissioner may deem an individual applicant for Social Security Disability to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Social Security Administration regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for Social Security Disability is disabled pursuant to the aforementioned statutory definition.  See 20 C.F.R. § 404.1520.  The Second Circuit Court of Appeals summarizes this process as follows:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits [his] capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity to perform [his] past relevant work. Finally, if the claimant is unable to perform [his] past relevant work, the Secretary determines whether the

> claimant is capable of performing any other work. If the claimant satisfies [his] burden of proving the requirements in the first four steps, the burden then shifts to the Secretary to prove in the fifth step that the claimant is capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

In the case at bar, the plaintiff has satisfied his burden of proving the requirements of the first four steps.  The remaining question is whether the Commissioner has satisfied the fifth step burden of proof that the plaintiff is capable of working.

The first issue raised by the plaintiff in his motion to seek judicial review of the commissioner's adverse decision is that the ALJ relied solely on the opinion of a consulting physician's independent examination and cherry-picked certain items from the medical records, while disregarding other substantial credible evidence that supports the plaintiff's disability. The opinion of a treating physician is generally given more weight if it is based on well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. Similarly, more weight is given to the opinion of a source who has examined the plaintiff than to a non-examining source.  20 C.F.R. 404.1527 (d)(2); 416.927(d)(2).  See also Schaal v. Apfel, 134 F.3d 496, 503 (2d

Cir. 1998).

The ALJ clearly articulates that he does not find the plaintiff's statements concerning his impairments credible in light of the reports of the treating and examining practitioners and the findings made on examination. (R. at 17). The ALJ then states that he gives little weight to the report submitted by treating physician Dr. Ovedovitz which states that the plaintiff could never climb, balance, stoop, kneel, crouch or crawl, because there are no treating notes from Dr. Ovedovitz to support these findings. The ALJ does not appear to consider that Dr. Ovedovitz's report mentions MRI abnormalities, and arbitrarily comes to his own conclusion that the plaintiff "can not climb or crawl and may only occasionally stoop, kneel, crouch, and crawl." (R. at 20).

The ALJ also takes issue with Dr. Bajwa's opinion submitted to the plaintiff's long-term disability carrier, finding it at odds with Dr. Bajwa's treatment notes of August 11, 2003 where the doctor states that "the patient's symptom are only mild and are being well controlled with [certain medications]." Dr. Bajwa completed a long term disability form provided by the plaintiff's employer, stating that the plaintiff was unable to work. (R. at 18). The plaintiff asserts, and the court concurs, that the ALJ erroneously interpreted Dr. Bajwa's treatment notes to indicate that because the plaintiff's symptoms are controlled

with medication and that he is not a surgical candidate, he is not disabled. (Doc. No. 13 at 10).

The ALJ does, however, find the report of non-treating doctor Mark Henderson, D.O. ("Henderson"), a consultant for Social Security, to be acceptable, and gives weight to that report. (R. at 18). The plaintiff's most recent MRI results were not made available to Henderson at the time of his report (Doc. No. 13 at 12), despite the ALJ's finding that the evidence shows that plaintiff suffers from a severe lumbar degenerative disc disease. (R. at 17).

The ALJ makes it clear that he believes the plaintiff is not credible, but that he "will give some benefit of the doubt to the plaintiff's subjective complaints of pain and finds that the claimant retains the ... residual functional capacity to perform a range of sedentary work," despite the fact that the plaintiff's treating physicians advise otherwise. The court may not substitute its judgment for that of the ALJ who has, pursuant to the Social Security Act, been given the sole responsibility to weigh all of the medical evidence a resolve any material conflicts in the record. See Richardson v. Perales, 402 U.S. 389, 399 (1971). However, the court finds that the ALJ's decision to give greater weight to the testimony of a non-treating examiner than to the plaintiff's treating neurosurgeon and/or physicians falls short of the required showing that the ALJ's decision is supported

on the substantial weight of the evidence.

The second issue raised by the plaintiff is the ALJ's allegedly erroneous consideration of the plaintiff's continued smoking as a failure to comply with physician's instructions. In his decision, the ALJ mentions plaintiff's smoking habit no fewer than five times. The ALJ stated that "he [plaintiff] continued to smoke despite warnings that this could interfere with the healing of his back. The undersigned will consider compliance with treatment when evaluating the claimant's limitations." (R. at 18). In his diagnosis, Henderson refers to the plaintiff's continued smoking as tobacco abuse. (R. at 142).

The plaintiff asserts that the ALJ erred in finding that plaintiff's continued smoking was a failure to comply with physician's instructions. The relevant law governing the need to follow prescribed treatment can be found at 20 C.F.R. §404.1530, which states in pertinent part that (a) "[i]n order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work," and (b) "[i]f you do not follow the prescribed treatment without good reason, we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits." 20 C.F.R. § 404.1530 (a) & (b) (West 2007). The plaintiff had been advised by his physicians to cease smoking, with Dr. Paulette Lewis stating that smoking cigarettes interfered with the proper

9

healing of his lower back injury. (R. at 16). However, no documentation was offered as proof for this assertion.

In Prentice v. Apfel, 1998 WL 166849 (N.D.N.Y. 1998), an ALJ assessing a patient's disability considered the patient's hiatal hernia, and opined on the negative effect the patient's smoking had on the medication prescribed for the hiatal hernia. The court found that "the ALJ apparently drew his own medical conclusion that the plaintiff's failure to quit smoking prevented his medication from being effective," and held that an ALJ is not qualified to make such medical conclusions. Id. at *7. In another case, Riechl v. Barnhart, 2003 WL 21730126 (W.D.N.Y. 2003), where, as here, the patient was diagnosed as "having tobacco abuse," the patient's illness was chronic obstructive pulmonary disease ("COPD"). The ALJ found that because the patient continued to smoke after being diagnosed as having tobacco abuse, "[h]er continuing cigarette use despite medical advice is read by the undersigned as an indication that her COPD symptoms are mild." The court in Reichl noted the addictive nature of smoking, and stated that

> the failure to quit is as likely attributable to factors
> unrelated to the effect of smoking on a person's health.
> One does not need to look far to see persons with
> emphysema or lung cancer - directly caused by smoking
> - who continue to smoke, not because they do not suffer
> gravely from the disease, but because other factors such
> as the addictive nature of the products impacts their

> ability to stop.  ***This is an unreliable basis on which to rest a credibility determination.***  (Emphasis added).

Id. at *13.

The Reichl court went on to state that "[t]he ALJ ... failed to cite any evidence in the record indicating that plaintiff's condition would improve or that her ability to work would increase if she were to stop smoking." Id.

The plaintiff argues, and the court concurs, that there is no evidence that the plaintiff was being treated for his smoking habit by his treating physicians, and failed to comply with their treatment.  The court does not construe the admonitions of the plaintiff's treating physicians to quit smoking as prescribed medical treatment meant to alleviate his back injury, nor has the ALJ produced evidence that plaintiff's cessation of smoking would eliminate his back pain and restore his ability to work.

The third issue raised by the plaintiff is that the ALJ failed to properly address his work history, and to accord substantial credibility to his testimony about his work capabilities. The plaintiff was 42 years old at the time of the ALJ's decision, had completed the ninth grade, and he had worked as a laborer most of his adult years.  The ALJ opined, as stated above, that the plaintiff's credibility was impacted by his failure to comply with physician's instructions, hence the

plaintiff's assertion that he couldn't stand or sit for any more than short periods was not given the weight it should have been accorded. As stated above, "[t]he Commissioner may deem an individual applicant for Social Security Disability to be disabled ... if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. § 423(d)(2)(A). In the case at bar, the ALJ deemed the plaintiff not disabled, and able to do sedentary work despite the opinions of the plaintiff's treating physicians to the contrary. The plaintiff asserts and the court concurs, based on the restrictions for standing, sitting and walking placed on the plaintiff by Dr. Ovedovitz (R. at 155-60) that the plaintiff's ability to work might be less than sedentary, given his inability to sit or stand for any length of time, and the degenerative nature of his spinal disorder. The court finds that the ALJ has not met the burden of proof that the plaintiff is capable of working in the national economy, and will remand for further hearings on this issue.

    In sum, the ALJ's decision to reject the plaintiff's claim is not supported by substantial evidence. The burden of proving that the plaintiff is capable of working in the national economy has not been met. Accordingly, the case is

remanded for reconsideration of the opinions of Drs. Ovedovitz and Bajwa, and for reconsideration of the decision that plaintiff's continued smoking is a mark against his credibility and proof of non-compliance with physician's instructions.

## III.   CONCLUSION

For the reasons set forth in the body of this opinion, the ALJ's decision denying plaintiff's disability benefits is hereby REVERSED and REMANDED for further consideration consistent with this opinion.

SO ORDERED.

August 16, 2007

_____
Neal P. McCurn
Senior U.S. District Judge